LAURA BERRIOS & another[1] *vs.* DEPARTMENT OF PUBLIC WELFARE

March 3, 1993. *Housing. Public Welfare*, Department of Public Welfare, Emergency assistance payments. *Injunction. Administrative Law*, Regulations, Emergency regulations. *Regulation.*

On December 10, 1991, we issued an order vacating a preliminary injunction entered in the Hampden County Division of the Housing Court Department enjoining the Department of Public Welfare (department) from implementing or enforcing emergency regulations promulgated in response to the Commonwealth's fiscal year 1992 budget, St. 1991, c. 138, § 2, line item 4403-2100 (line item). *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 588-591 (1992) (*Berrios I*). The department had con-

---

[1] Ana Cordero.

cluded that the regulations were necessary to effect changes in certain emergency assistance (EA) benefits principally designed to address the needs of homeless families, G. L. c. 18, § 2 (D) (1990 ed.), in view of the language of the line item curtailing those benefits and the accompanying substantially reduced appropriation. Before us in this case is an order granting a preliminary injunction entered in the Housing Court after our order in *Berrios I*, which (under count I of the amended complaint) enjoined the department from failing under G. L. c. 18, § 2 (D) (*d*), to provide eligible recipients with benefits for the payment of furniture storage, moving expenses, and security deposits. The order was stayed pending the department's appeal. The department appealed. We transferred the case to this court on our own motion. We vacate the preliminary injunction.

The preliminary injunction was based on the conclusion that the line item did not impliedly repeal the provision in G. L. c. 18, § 2 (D) (*d*), that benefits be furnished for furniture storage, moving expenses, and security deposits. We concluded in *Berrios I* that (a) the language of the line item and the accompanying drastic cut in funding "significantly narrowed the focus of the EA program compared with benefits available in prior years" (411 Mass. at 594); (b) the department "properly considered [the line item] a legislative mandate to reduce substantially EA entitlements" (*id.*); (c) "many existing entitlements under G. L. c. 18, § 2 (D) (*d*), and regulations previously in force had been effectively superseded" (*id.*); and (d) funds for the EA program were to be spent on the actual cost of temporary shelter (*id.* at 596). None of the three benefits in question can be said to affect the actual cost of housing in the sense of providing support "directly attributable" to the current expense of temporary shelter (or other matters provided for by the line item). *Id.* at 597. While the three benefits were not mentioned by name, we conclude that the Legislature's choice of language and accompanying cut in funding directed the department to limit those benefits for fiscal year 1992 to effectuate the purposes addressed by the line item. See *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. 417, 430, 432-433 (1972). We note that, after the decision in *Berrios I*, the Legislature enacted a line item for fiscal year 1993 dealing with EA benefits in substantially the same manner as the 1992 line item (and with further reduction in appropriations). See St. 1992, c. 133, § 2, line item 4403-2100. The 1992 statute, therefore, mandated a limited denial of benefits for the fiscal year in question in this case.[2]

---

[2]Cases cited by the plaintiffs in which courts have refused to approve administrative reductions in benefits prompted by budgetary constraints do not address situations in which a Legislature has changed the purposes for which appropriated funds may be expended while drastically reducing appropriations. See *Association for Retarded Citizens-Cal.* v. *Department of Developmental Servs.*, 38 Cal. 3d 384 (1985); *California Welfare Rights Org.* v. *Carleson*, 4 Cal. 3d 445 (1971); *Hansen* v. *Department of Social Servs.*, 193 Cal. App. 3d 283 (1987); *Greve* v. *County of Du Page*, 177 Ill. App. 3d 991 (1988).

The plaintiffs have failed to demonstrate that they are likely to succeed on the merits of count I. Accordingly, they are not entitled to the preliminary injunctive relief that was granted. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 617 (1980). *Robinson* v. *Secretary of Admin.*, 12 Mass. App. Ct. 441, 451 (1981). We vacate the order granting a preliminary injunction entered on count I of the amended complaint, and remand the case to the Hampden County Division of the Housing Court Department for further proceedings consistent with *Berrios I* and this opinion.

*So ordered.*

*Mary C. Connaughton*, Assistant Attorney General, for the defendant.
*Faye B. Rachlin* for the plaintiffs.